# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-50861
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
September 5, 2024

Lyle W. Cayce
Clerk

United States of America,

        *Plaintiff—Appellee*,

*versus*

Rosalinda Flores,

        *Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:20-CR-580-8

———————————————————————

Before Barksdale, Stewart, and Ramirez, *Circuit Judges*.

Per Curiam:*

Rosalinda Flores challenges her jury-trial conviction for conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) (possession with intent to distribute), 841(b)(1)(A)(ii) (penalty), 846 (conspiracy); and aiding and abetting possession with intent to distribute five kilograms or more of cocaine, in

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(ii), 18 U.S.C. § 2 (punishing as principals those who aid and abet crimes).  She contends the district court erred in denying her acquittal motion because the evidence was insufficient to establish she conspired to violate (and aided and abetted in violating) federal narcotics laws.

Although review of a properly-preserved, as here, sufficiency challenge is *de novo*, "this review is . . . highly deferential to the verdict".  *E.g.*, *United States v. Chapman*, 851 F.3d 363, 376 (5th Cir. 2017) (citation omitted).  "We search the record for evidence . . . support[ing] the convictions beyond a reasonable doubt, and review the evidence in the light most favorable to the verdict, accepting all credibility choices and reasonable inferences made by the jury[.]"  *Id.* (citations omitted).  For the following reasons, the jury could have found beyond the requisite reasonable doubt that Flores was guilty of both charged offenses.  Accordingly, the district court did not err in denying her acquittal motion.

To establish the elements of a drug conspiracy, the Government must prove the existence of "an agreement by two or more persons to violate the narcotics laws", and "a defendant's knowledge of[,] . . . [and] voluntary participation in[,] the agreement".  *United States v. Vargas-Ocampo*, 747 F.3d 299, 303 (5th Cir. 2014) (*en banc*).  The agreement need not be explicit; "a tacit agreement is enough".  *United States v. Westbrook*, 119 F.3d 1176, 1189 (5th Cir. 1997).

Moreover, a person "need only play a minor role in the overall scheme" to be found guilty of conspiracy.  *United States v. Cervantes*, 107 F.4th 459, 466 (5th Cir. 2024) (quoting *United States v. Ayala*, 887 F.2d 62, 68 (5th Cir. 1989)).  Although close association with co-conspirators or mere presence at the scene of the offense "will not support an inference of participation in a conspiracy, a common purpose and plan may be inferred

from a development and a collocation of circumstances". *Westbrook*, 119 F.3d at 1189–90 (citation omitted). Once the illegal conspiracy has been established, the Government "need only introduce 'slight evidence' to connect an individual defendant to the common scheme". *Id.* at 1190.

Flores concedes she was aware of a co-defendant's (as discussed *infra*, a co-conspirator who pleaded guilty and testified at the trial) involvement in the cocaine conspiracy; she maintains, however, that she never voluntarily or knowingly agreed to participate in the conspiracy and was merely providing him with "spiritual counseling services". Although her co-conspirator corroborated this assertion by testifying that Flores never participated in the distribution of drugs and only provided spiritual support, the record shows otherwise: she helped the co-conspirator conceal $280,000-$300,000 worth of cocaine from police inside a truck parked in her driveway, offered the use of her garage to conceal its removal, and made telephone calls to find a buyer for four kilograms of cocaine. Because, *inter alia*, drug traffickers are unlikely to entrust nearly $300,000 worth of cocaine to an outsider, the jury could reasonably conclude Flores was part of the conspiracy. *E.g.*, *United States v. Gallo*, 927 F.2d 815, 821 (5th Cir. 1991) (entrusting a person "with a large portion of the proceeds of the drug trafficking enterprise establishes his familiarity with, or high level participation in, that enterprise").

A person is liable for aiding and abetting a crime when she takes affirmative acts in furtherance of the offense with the intent to facilitate its commission. *E.g.*, *Rosemond v. United States*, 572 U.S. 65, 71 (2014) (explaining standard of culpability for aiding and abetting). To aid and abet the possession of controlled substances with intent to distribute, "the defendant need not have actual or constructive possession of the drugs". *United States v. Scott*, 892 F.3d 791, 799 (5th Cir. 2018).

No. 23-50861

The same evidence supporting Flores' conspiracy conviction supports her conviction for aiding and abetting the possession of cocaine with intent to distribute. *E.g.*, *United States v. Delgado*, 256 F.3d 264, 274–75 (5th Cir. 2001) (noting that evidence supporting conspiracy conviction often supports aiding-and-abetting conviction). Allowing the use of her driveway to hide cocaine, offering the use of her garage, and attempting to locate a buyer for kilogram-quantities of cocaine supports the jury's finding that Flores took affirmative acts in furtherance of the offense. *E.g.*, *United States v. Fischel*, 686 F.2d 1082, 1088–89 (5th Cir. 1982) (assisting co-conspirator with possession is sufficient to support aiding-and-abetting conviction). These acts, combined with her knowledge of her co-conspirator's cocaine distribution scheme, supports the jury's conclusion that Flores shared her co-defendant's intent to distribute cocaine. *See id.*

AFFIRMED.